## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

KAREEM MILLHOUSE,

       Petitioner,

  v.

DAVID J. EBBERT,

       Respondent.

CIVIL ACTION NO. 1:14-CV-1971

(RAMBO, J.)
(MEHALCHICK, M.J.)

### REPORT AND RECOMMENDATION

On October 10, 2014, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by Petitioner Kareem Millhouse on October 6, 2014. In this petition, Millhouse, an inmate currently incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), challenges a prison disciplinary proceeding held on an incident report charging Millhouse with possession of intoxicants on due process grounds. Specifically, Millhouse asserts that his due process rights were violated because he was not present before the Disciplinary Hearing Officer ("DHO") for a hearing conducted on an incident report charging him with the possession of intoxicants, which resulted in the revocation of good conduct time credit toward his federal sentence. Having thoroughly examined the petition and the arguments presented by the parties in their respective briefs, it is respectfully recommended, for the reasons provided herein, that the petition be denied.

### I.   BACKGROUND

The factual allegations forming the basis of this habeas petition arise out a cell search conducted by prison staff on December 14, 2013. (Doc. 6-1, at 12). The search of Millhouse's cell uncovered a large orange plastic bag containing homemade intoxicants in a locker closet. (Doc. 6-1, at 12). Staff conducted an Alcosensor test of the liquid which tested positive for the

presence of intoxicants. (Doc. 6-1, at 12). Consequently, Millhouse was charged with the possession of intoxicants, a Code 113 violation of the Bureau of Prison's ("BOP") disciplinary code.

On December 14, 2013, at 1:35 p.m., at the outset of the investigation into the charges, Millhouse was provided with a copy of the incident report and was advised of his rights. (Doc. 6-1, at 13). At that time, Millhouse made the following statement to the investigating officer: "[t]he report is correct, I can't dispute it." (Doc. 6-1, at 13). Upon the completion of the investigation, having found the charge accurate and warranted, the investigator referred the incident report to the Unit Discipline Committee for an initial hearing. ("UDC"). (Doc. 6-1, at 13).

Millhouse appeared before the UDC on December 17, 2013, and declined to make a statement. ((Doc. 6-1, at 4). The UDC referred the charges to the DHO for further review and recommended appropriate sanctions. (Doc. 6-1, at 4). Millhouse was provided with a copy of the "Inmate Rights at Discipline Hearing" form on December 17, 2013. (Doc. 6-1, at 15). Millhouse signed for his copy of that form. (Doc. 6-1, at 15). This form was then signed by J. Thompson as a witness. (Doc. 6-1, at 15). Millhouse indicated on the form that he did not wish to have a staff representative at the hearing, and he did not wish to call any witnesses. (Doc. 6-1, at 16).

On January 8, 2014, Millhouse appeared before DHO Lane for his discipline hearing. (Doc. 6-1, at 4; Doc. 6-1, at 18-20). DHO Lane noted that Millhouse had received advance written notice of the charges on December 14, 2013; that he had been advised of his rights before the DHO on December 17, 2013; and that he had waived a staff representative. (Doc. 6-1, at 19). DHO Lane also noted that Millhouse acknowledged receiving a copy of the incident

report and understanding his rights before the DHO. (Doc. 6-1, at 19). During the hearing, Millhouse fully admitted to possessing alcohol, a Code 113 violation.  (Doc. 6-1, at 19).

Based upon Millhouse's admission, the supporting documentation, and the written report before him, DHO Lane found that the evidence supported a finding that Millhouse committed the prohibited act. (Doc. 6-1, at 19). At the conclusion of the hearing, DHO Lane imposed the following sanctions: forty days disallowance of good conduct time and a ninety-day loss of visiting and commissary privileges. (Doc. 6-1, at 19).  ).  The record reflects that the DHO documented his findings and the evidence upon which he relied in a written report provided to Millhouse on February 5, 2014,  explained the sanctions imposed, and notified Millhouse of his appeal rights. (Doc. 6-1, at 4; 20).

On October 10, 2014, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by Millhouse on October 6, 2014. In this bare-bones petition, Millhouse asserts the following: "I was not present for the hearing nor given the opportunity to be present. The record state[s] that a DHO hearing was held on 1/8/14 and I was present however review camera because this hearing was not conducted." (Doc. 1, at 7). On November 4, 2014, Respondents responded to the petition. To date, no reply brief has been received and docketed by the Court. Accordingly, this petition is now ripe for disposition.

## II.   DISCUSSION

Under § 2241, a federal inmate may challenge the execution of his sentence—such as the loss of good-time credits—in the district court for the federal judicial district where the inmate is in custody. See 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Indeed, federal inmates possess a liberty interest in good-time credit. *Wolff v. McDonnell*, 418 U.S. 539, 555-57 (1974); *Young v. Kann*, 926 F.2d

1396, 1399 (3d Cir. 1991). While it is well established that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply," the Supreme Court of the United States has likewise recognized that when confronted with a prison disciplinary proceeding potentially implicating the infringement of a cognizable liberty interest, such as the loss of good-time credits, an inmate must be afforded certain minimum procedural due process safeguards. *Wolff,* 418 U.S. at 556-67. Those minimum due process protections include: (1) a right to appear before an impartial decision-making body; (2) written notice of the charges at least 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence in his defense when consistent with institutional safety or correctional goals; (4) assistance from an inmate representative if charged inmate is illiterate or complex issues are involved; and (5) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563–67; *see also Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Von Kahl v. Brennan*, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994). The scope of judicial review of the BOP's disciplinary decisions is limited to confirming that the inmate was afforded the aforementioned minimum procedural due process protections and that there existed "some evidence" to support the DHO's conclusions. *See Hill*, 472 U.S. at 457.

Although Millhouse claims that his due process rights were violated due to his somehow being precluded from appearing at his hearing, Milhouse does not present a modicum of evidence to corroborate this bare allegation. To the contrary, the undisputed evidence before the Court belies Millhouse's contention that he was not present for his hearing before the DHO. Indeed, the record reveals that Millhouse not only attended his DHO hearing, but also was afforded the aforementioned minimum procedural due process protections required by *Wolff*.

4

Specifically, Millhouse was given the right to appear before an impartial decision-making body (Doc. 6-1, at 13-20). He was provided written notice of the charges against him on December 17, 2013, more than 24 hours in advance of his January 8, 2014 hearing (Doc. 6-1, at 15-16). He was afforded the opportunity to call witnesses and present documentary evidence in his defense but declined to do so. (Doc. 6-1, at 16). He was also provided the option of having a staff representative available at his hearing, but declined said offer. (Doc. 6-1, at 16). Finally, Millhouse was supplied a copy of DHO Lane's report consisting of a summary of his findings, the evidence relied on, and the reasons for the disciplinary action. (Doc. 6-1, at 19-20); *Wolff, 418 U.S. at 563–67*. Thus, no due process violation can be discerned here, as Millhouse received notice of the hearing, was provided notice of the charges, was afforded and declined the opportunity to call witnesses or receive the assistance of a staff representative, and was supplied a copy of DHO Lane's report. Accordingly, as it is beyond cavil that Millhouse cannot establish an abridgment of his right to due process arising out of his disciplinary proceeding, it is respectfully recommended that the instant petition be denied.

## III.  RECOMMENDATION

Based upon the foregoing, it is recommended that the petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further recommended that the Court decline to issue a certificate of appealability, as the Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: June 24, 2016                                            *s/ Karoline Mehalchick*
                                                                **KAROLINE MEHALCHICK**
                                                                **United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

KAREEM MILLHOUSE,

     Petitioner,

     v.

DAVID J. EBBERT,

     Respondent.

CIVIL ACTION NO. 1:14-CV-1971

(RAMBO, J.)
(MEHALCHICK, M.J.)

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 24, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: June 24, 2016**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**