IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREEM MILHOUSE,** : | |
| : | Civ. No. 1:14-cv-1971 |
| Petitioner, : | |
| : | |
| v. : | |
| : | |
| **DAVID J. EBBERT,** : | |
| : | Judge Sylvia H. Rambo |
| Respondent. : | |

## **M E M O R A N D U M**

Before the court is a report and recommendation filed by the magistrate judge (Doc. 8) in which she recommends that Kareem Milhouse's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be dismissed. Milhouse has filed objections to the report and recommendation. (Doc. 10.) Respondents have not filed a reply. The matter is ripe for consideration, and for the reasons that follow, the report and recommendation will be adopted.

**I.      Background**

Milhouse is a prisoner who, at the time of filing the instant petition, was housed at the United States Penitentiary at Lewisburg, Pennsylvania. On December 14, 2013, prison staff conducted a search of Milhouse's cell and discovered homemade intoxicants. An incident report was filed and a disciplinary hearing was held on January 8, 2014. Milhouse was found guilty by the Disciplinary Hearing Officer ("DHO") and sanctions were imposed.

Milhouse alleges that he was denied his due process rights at that hearing for the following reasons: (1) he was no present at said hearing; (2) he was precluded from presenting documentary evidence or witnesses; and (3) there never was a hearing. (Doc. 10.)

Respondents allege that all due process criteria were met in the DHO proceeding as required by *Wolff v. McDonnell*, 418 U.S. 539 (1974) and the Code of Federal Regulations, 28 CFR § 541.1. (Doc. 6, pp. 6-8.)

## II.     Discussion

The minimal procedural due process safeguards in a prison disciplinary proceeding require the following: (1) the right to appear before an impartial decision-making body; (2) the receipt of a written notice of the claimed violations at least 24 hours in advance of the hearing; (3) an opportunity to call witnesses and present documentary evidence in defense; (4) assistance from an inmate representative or aid from staff if the charged inmate is illiterate or complex issues are involved; and (5) a written statement of the fact finder as to the evidence relied upon and the reasons for the disciplinary action taken. *Id.* at pp. 563-67.

Milhouse's claims are belied by Respondent's response to the petition. (Doc. 6-1, pp. 18-21.) Included with the response is the DHO Report, which includes the following statements:

> Your due process rights were reviewed with you by the DHO at the time of the hearing. You stated you understood your rights,

>had no documentary evidence to present, did not request any witnesses, and did not request [a] staff representative to assist you during the hearing. You indicated to the DHO you were ready to proceed.
>
>* * *
>
>You admitted to the charge before the DHO. You stated "It's only mine." You were referring to the found homemade alcohol inside your cell.
>
>* * *
>
>The inmate has been advised of the findings, specific evidence relied on [ ] and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the administrative remedy procedure. A copy of this report has been given to the inmate.
>
>* * *
>
>The distribution of this DHO packet to this inmate was delayed past the ten working days due to unforeseen reasons (scheduled leave, regular duties, etc.). Delay in the distribution of this packet did not hinder this inmate[']s appeal right, and he was informed of his right to appeal within twenty calendar days of him receiving his written DHO report.

(Doc. 6-1, pp. 18-20 of 21.)

Milhouse was delivered the DHO Report on February 5, 2014 by Officer C. Bennett. The records do not show that any appeal was taken from this decision. In fact, Milhouse never filed a reply to Respondent's response to Milhouse's petition rejecting any of the arguments set forth therein.

## **III.**     **Conclusion**

This court finds that Milhouse received all process that was due at the disciplinary hearing. The report and recommendation will be adopted.

An appropriate order will issue.

                                                                     s/Sylvia H. Rambo
                                                                    SYLVIA H. RAMBO
                                                                    United States District Judge

Dated: July 22, 2016

4